IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Sandra Olson, et al.,                    )
                                         )
      Plaintiffs,                       )   Case No. 16 C 01179
                                         )
vs.                                      )
                                         )
LTF Club Management Company, LLC, et al., )   Judge Philip G. Reinhard
                                         )
      Defendant.                        )

**ORDER**

     For the reasons stated below, defendant's motion [38] to dismiss is granted. The corrected first amended complaint [37] is dismissed without prejudice. Plaintiffs are given leave to file an amended complaint on or before November 14, 2016.

**STATEMENT-OPINION**

     Plaintiffs, Sandra Olson, Melissa Woodall, Lindsey Johnson, Jennifer Knop, Toni Lemberg, Suzanne Treadwell, Randi Makaras, Beth Rogala, and Allison Seubert[1] bring this action against defendant, LTF Club Management, LLC. Defendant removed the case from the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois. Subject matter jurisdiction is premised on federal question (28 U.S.C.§ 1331) and supplemental (28 U.S.C.§ 1367(a)) jurisdiction.[2] The federal claim (Count III) is for violation of the Fair Labor Standards Act, 29

---

[1] Each count of the corrected first amended complaint [37] names different groups of the foregoing named plaintiffs as plaintiffs in that count. In this opinion, when the court uses the word "plaintiffs" it refers to the plaintiffs named in the particular count being discussed at that time.

[2] It also appears the court may have diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The jurisdictional amount has been pled in the amended notice of removal [52]. Defendant is a limited liability company. The amended notice of removal alleges defendant's sole member is LTF Operations Holdings, Inc., a Minnesota corporation with its principal place of business in Minnesota. So, defendant is a citizen of Minnesota. The amended notice of removal does not identify the citizenship of the plaintiffs but rather pleads that they all reside in Illinois except for Treadwell who resides in Colorado. It is citizenship not residence that matters for diversity purposes. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). If defendant wants to be in a position to rely on diversity jurisdiction for plaintiffs' state law

1

U.S.C. § 206 et seq. ("FLSA"). Plaintiffs claim defendant failed to pay them at least the minimum wage for time spent in employer-mandated training. The remaining claims are state law claims for breach of contract (Count I & Count IV) and violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/9 ("IWPCA") (Count II). Plaintiffs worked in defendant's salon as either stylists or estheticians. Defendant moves [38] to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).[3]

Looking first to the federal claim set forth in Count III, plaintiffs (other than Sandra Olson) allege they were required to participate in training outside of their regular working hours, that they were unpaid for this training, and that "[u]pon information and belief, between the unpaid training hours and the hours worked which actually received compensation, Plaintiffs would have received compensation at a rate below minimum wage." Defendant argues these allegations are insufficient to plausibly state a claim for a minimum wage violation because, at a minimum, plaintiffs are required "to plead some facts showing they spent a sufficient amount of time in unpaid training for it to result in a violation of the FLSA's minimum wage requirements."

To survive a motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The factual allegations must be sufficient to cross the line between possibility and plausibility. Id., at 557. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" and "that 'plain statement' must possess enough heft to show that the pleader is entitled to relief." Id. (internal quotation marks omitted).

The weight of authority holds that the "FLSA does not provide a remedy for workers who have received at least the minimum wage for a pay period in which they have not worked overtime." Brown v. Lululemon Athletica, Inc., No. 10 C 5672, 2011 WL 741254 * 4 (N.D. Ill. Feb. 24, 2011) (St. Eve, J.) (collecting cases). Plaintiffs allege they performed mandatory training outside their regular working hours and that the training was done online when they were not otherwise able to perform compensable work. They do not allege that this caused them to work overtime. They only allege "on information and belief" that their unpaid training hours and the hours they worked for which they were paid, when combined, resulted in them being paid less than the minimum wage.

A plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is

---

claims, in the event the federal claim is disposed of by the court, it needs to file a statement identifying the citizenship not the residence of each plaintiff. "Citizenship and residence are not synonyms." Id.

[3] Also, plaintiffs move [47] to strike defendant's notice of supplemental authority [45] arguing it is a sur-reply filed without leave of court. Plaintiffs' point is well taken. To the extent the notice of supplemental authority contains argument and analysis of the proffered case, it is a sur-reply filed without leave of court and will be disregarded. The case itself, however, like any case the court might find in the course of its research, may be considered by the court in deciding the pending motion.

plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotation marks and citation omitted). Plaintiffs allege they performed mandatory online training outside their regular work hours and "on information and belief" that the unpaid training hours when combined with their paid hours resulted in them being paid less than minimum wage. This does not give defendant fair notice of the grounds upon which the claim rests. The complaint does not identify any weeks in which any of the plaintiffs were paid less than the minimum wage due to the mandatory training. It does not identify any weeks in which any of the plaintiffs performed any of the mandatory training. Plaintiffs were all paid on commission but the complaint contains no information as to how much any of them was paid in any week at any time. As pled, defendant is left to guess as to when plaintiffs claim they were underpaid and how much the underpayment is claimed to be. While precision is not required, plaintiffs' allegations do not provide any information about their claims beyond saying, in effect, sometimes we did this training and we also worked regular hours and we think that sometimes this must have resulted in us being paid less than the minimum wage. Plaintiffs allege no more than a guess and such speculation is insufficient to give defendant fair notice of what plaintiffs' claims actually are. Count III is dismissed without prejudice.

Count I asserts breach of contract on behalf of Sandra Olson, Melissa Woodall, Jennifer Knop, Lindsey Johnson, and Suzanne Treadwell. Plaintiffs allege they had contracts to be paid on commission without any deductions for shop charges. They allege that at some point "between September 14, 2006, and July 28, 2009," defendant implemented "shop charges". Shop charges are purportedly used to offset the costs of products used by plaintiffs in providing salon services. Shop charges were deducted from the gross sales of plaintiffs prior to their commission being calculated. Plaintiffs maintain that the established course of performance prior to the institution of shop charges was that plaintiffs' commissions were calculated on gross sales without deduction and that defendant changing this course of performance was a breach of plaintiffs' contracts with defendant.

In moving to dismiss, defendant argues plaintiffs do not plead the existence of valid and enforceable contracts with definite and certain terms. Plaintiffs allege they entered "binding and enforceable written employment contracts" with defendant. Plaintiffs attach these alleged contracts to the complaint as Group Exhibit A. The Group Exhibit A documents are various forms. Sandra Olson's form is titled "New Hire or Rehire Form". It shows a position title of Esthetician and a pay rate of "50% commission or $9.75/hr." Melissa Woodall's form is titled "Employee Status & Change Notice". It shows a position title of Esthetician. The pay rate line is left blank. A box marked "Commissioned" is checked. Jennifer Knop's form is titled "New Hire or Rehire Form". It shows a position title of Hair Stylist, the pay rate line is blank, and the "Commissioned" box is checked. Lindsey Johnson's[4] form is titled "New Hire / Rehire Team Member Information". It shows a job title of Stylist. On the line labeled "Hourly Rate" the

---

[4] The name on the form is "Lindsey Aron Larcom" but presumably this is the form of plaintiff Lindsey Johnson.

3

word "Commission" is written. Suzanne Treadwell's[5] form is titled "Employee Status Change". It shows a position of Stylist. On the "Pay rate" line the "Commission" box is checked.

Only Olson's form contains a specified pay rate of a 50% commission or $9.75 per hour. The other plaintiffs' forms only indicate "commission" or "commissioned". Plaintiffs maintain that the course of performance of these contracts showed that the commissions were to be paid on gross independent retail sales not on gross independent retail sales less shop charges. Defendant argues plaintiffs have not pled the existence of a valid and enforceable contract.

Under Illinois law, the "elements of a claim for breach of contract are (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." Avila v. CitiMortgage, Inc., 801 F.3d 777, 786 (7th Cir. 2015). An expanded statement of the elements, breaks down "the existence of a valid and enforceable contract" into three constituent parts: "(1) offer and acceptance, (2) consideration, [and] (3) definite and certain terms" to go along with the other three elements of "(4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 560 (7th Cir. 2012). Defendant argues plaintiffs' complaint shows the absence of "definite and certain terms" in the alleged contracts.

Plaintiffs allege they entered binding and enforceable written contracts– the documents attached as Group Exhibit A. While Olson's form contains a pay term of a 50% commission or $9.75 per hour, the other plaintiffs' forms only indicate that pay is on commission. They do not indicate a commission rate, on what the rate is based, or any other basis for discerning what the plaintiffs, other than Olson, would be paid. Olson's form likewise does not indicate on what the commission is to be based. None of these forms contains any other terms of a contractual relationship other than an indication whether the employee is full time or part time. The documents do not contain any provision as to the duration of the alleged employment contract. In sum, the documents attached to the complaint as Group Exhibit A, do not contain definite and certain terms from which an obligation to pay plaintiffs a 50% commission on gross retail sales without any deduction for shop charges can be deduced. The Group Exhibit A forms are not written contracts.

But, plaintiffs did work for defendant so the terms of employment can be found somewhere. "[A]n employer and an employee, by acting in a manner consistent with an employment agreement, can set the material terms of the agreement, including the amount of compensation." Landers-Scelfo v. Corporate Office Systems, Inc., 827 N.E.2d 1051, 1059 (Ill. App. 2005). So, the terms of an employment agreement can be found from the employer and employees' course of action. Plaintiffs' allege they were paid a commission on gross independent retail sales[6] until the shop charges were instituted– somewhere between September 14, 2006, and July 28, 2009. Plaintiffs, therefore, have alleged facts consistent with them being

---

[5] The name on the form is "Suzanne Stejskal" but presumably this is the form of plaintiff Suzanne Treadwell.

[6] They do not allege the commission rate for each plaintiff but do reference the 50% commission rate for Olson appearing in her Group Exhibit A form.

paid on commission based on gross retail sales. Could defendant alter this method of compensating plaintiffs?

"Employment contracts in Illinois are presumed to be at-will and are terminable by either party; this rule, of course, is one of construction which may be overcome by showing that the parties agreed otherwise." McInerney v. Charter Golf, Inc., 680 N.E.2d 1347, 1349 (Ill. 1997). Plaintiffs make no allegations in the complaint that the parties agreed otherwise. They do not allege a term of employment was agreed to nor that any process was required for terminating the employment relationship. The Group Exhibit A documents do not contain any provisions to take the employment relationship outside at-will status. Based on the pleadings, plaintiffs were at-will employees.

"When an employment agreement is terminable at will, it may be modified by the employer as a condition of its continuance." Geary v. Telular Corp., 793 N.E.2d 128, 131 (Ill. App. 2003). "This right to modify unilaterally at-will employment terms applies to modifying compensation terms." Id. "When an at-will employee continues to work after a change in commission plan, he is deemed to have accepted the change." Id.

Plaintiffs contend that even if they were at-will employees, the institution of shop charges was still unlawful because defendant "failed to provide any reasonable notice of the detrimental wage deductions." The complaint alleges they did not "receive written notification from Lifetime of what the 'shop charges' are, why they were implemented, when they would be implemented, or how it would impact their compensation." They argue that since "they were unaware of the terms, the plaintiffs were unable to assent, even implicitly, to their commission changes."

Plaintiffs cite Baker v. Internap Network Servs. Corp., No. 09 C 875, 2010 WL 3834003 (N.D. Ill. Sept. 23, 2010) in support of their argument. However, Baker involved an employee's claim that she earned her commissions before her employer decided to reduce them. The court in Baker distinguished the plaintiff's situation there from the situation where the change is prospective. "An employer can unilaterally modify the terms of an at-will employee's employment prospectively, and the employee 'accepts' that 'offer' when he continues to work for the employer under the new terms." Baker, 2010 WL 3834003 at * 4. But, "such changes to compensation terms cannot be applied to commissions already earned." Id.

The complaint alleges that shop charges began being deducted at some point between September 14, 2006 and July 28, 2009. Plaintiffs commenced this action in state court on December 28, 2015. Plaintiffs do not allege when in the six to nine year period between the implementation of the shop charges and the commencement of this case that plaintiffs learned the shop charges were being subtracted before their commissions were calculated. Once plaintiffs became aware of the change, as at-will employees, they "accepted" the modified terms by continuing to work thereafter. Kamboj v. Eli Lilly & Co., No. 05 C 4023, 2007 WL 178434, * 9 (N.D. Ill. Jan. 18, 2007). However, they may have a claim for the period in which they were unaware the shop charges were being subtracted before their commissions were calculated. Id. If plaintiffs choose to file an amended complaint, they need to identify when, approximately, each of them learned of the shop charge being applied. Count I is dismissed without prejudice.

Count II invokes the IWPCA. The complaint alleges the application of shop charges was an unlawful deduction from plaintiffs' wages in violation of 820 ILCS 115/9. Defendant argues a change in how commissions are calculated is not a deduction under the IWPCA. However,

5

whether or not the application of shop charges was a deduction may not be relevant as the allegations of the complaint suggest plaintiffs may be able to state a claim for failure to timely pay all wages earned for certain time periods. 820 ILCS 115/3 & 4. As noted in the preceding paragraph, even as at-will employees, plaintiffs may be able to plead that prior to learning of the application of shop charges, they had an agreement with defendant which required them to be paid a commission based on gross retail sales calculated without the application of shop charges. While the present complaint does not contain any such allegations, plaintiffs may be able to plead such facts in an amended complaint. Count II is dismissed without prejudice.

Count IV seeks (in the alternative if the Count III FLSA claim fails) to recover on a breach of contract theory for defendant's failure to pay plaintiffs (other than Olson) for mandatory training time. Plaintiffs allege that the nature of the employment agreements between them and defendant was that plaintiffs would be paid at least minimum wage for training time. They allege, on information and belief, that various managers "informed and assured the Plaintiffs that they would be paid for training time." Defendant argues these allegations are insufficient to show a contract requiring payment for mandatory training.

Plaintiffs' Count IV does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to be plausible, plaintiffs need to provide facts to show that someone from defendant actually promised them before they underwent the training that they would be paid for doing so. As currently alleged, plaintiffs say only that some unidentified managers at some unspecified time informed them they would be paid for the training. The complaint does not say if this occurred before or after the training or after some of the training but before other training. There is no allegation from which an offer of payment to undergo the training can be inferred. Without allegations to support an offer and acceptance, no contract to pay for training has been pled. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 560 (7th Cir. 2012). Count IV is dismissed without prejudice.

For the foregoing reasons, defendant's motion [38] to dismiss is granted. The corrected first amended complaint [37] is dismissed without prejudice. Plaintiffs are given leave to file an amended complaint on or before November 14, 2016.

Date: 10/13/2016                              ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Electronic Notices. (LC)