IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Sandra Olson, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16 C 01179 |
| | ) | |
| vs. | ) | |
| | ) | |
| LTF Club Management Company, LLC, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [59] to dismiss Count III and Count IV is granted. Counts III and IV are dismissed with prejudice. The motion to dismiss Count II as to Johnson, to the extent defendant is still pursuing it, is denied. Count I and II remain pending as to the remaining plaintiffs. The parties are directed to contact Magistrate Judge Johnston within thirty days of the entry of this order to discuss whether a renewed settlement conference or mediation might be fruitful.

## STATEMENT-OPINION

Defendant, LTF Management Company, LLC, moves [59] to dismiss Counts III (violation of the Fair Labor Standards Act ("FLSA")) and IV (breach of contract concerning unpaid training) of the third amended complaint of plaintiffs, Sandra Olson[1], Melissa Woodall, Lindsey Johnson, Jennifer Knop, and Suzanne Treadwell.[2] In a previous order [56], the court

---

[1] Olson makes no claims under Counts III and IV which are the subject of the motion to dismiss.

[2] Toni Lemberg, Randi Makara, Beth Rogala, and Allison Seubert were also plaintiffs in this action but they have settled with defendant and their claims have been dismissed with prejudice [88]. The motion to dismiss [59] was initially filed as to the second amended complaint. Plaintiffs were given leave to file a third amended complaint and defendant's motion to dismiss was allowed to stand as to the third amended complaint [76]. The portion of defendant's motion directed at the Count I claim of plaintiff Lindsey Johnson was withdrawn [76]. Defendant's motion also sought to dismiss Lindsey Johnson's Count II claim. While this attack on Johnson's Count II claim was not withdrawn, defendant makes no argument in its reply brief as to Johnson's Count II claim. The third amended complaint's allegations as to when Johnson learned of the institution of shop charges appears to cure the defect relied on by defendant in attacking Johnson's Count II claim as it cured the defect in the Count I claim. Therefore, only Counts III and IV are subject to the motion to dismiss.

dismissed the claims in Counts III and IV of the corrected first amended complaint [37] without prejudice for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Count IV of the pending third amended complaint is identical to the previously dismissed Count IV of the corrected first amended complaint. Both alleged that the nature of the employment agreements between plaintiffs and defendant was that plaintiffs would be paid at least minimum wage for training time. They allege, on information and belief, that various managers "informed and assured the Plaintiffs that they would be paid for training time."

> In its previous order the court stated:
> Plaintiffs' Count IV does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to be plausible, plaintiffs need to provide facts to show that someone from defendant actually promised them before they underwent the training that they would be paid for doing so. As currently alleged, plaintiffs say only that some unidentified managers at some unspecified time informed them they would be paid for the training. The complaint does not say if this occurred before or after the training or after some of the training but before other training. There is no allegation from which an offer of payment to undergo the training can be inferred. Without allegations to support an offer and acceptance, no contract to pay for training has been pled. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 560 (7th Cir. 2012).

Because plaintiffs have not corrected this pleading defect but have simply repeated it, Count IV must be dismissed.

Count III, the FLSA claim, is also essentially identical to the one previously dismissed. As to the plaintiffs who remain in the case, the only new allegation is as follows: "JENNIFER KNOP remembers training happening at random times a year for approximately 3 hours a year for 11 years." This additional allegation does not correct the pleading deficiency which led to Count III of the corrected first amended complaint being dismissed. In the first place, this allegation only goes to Knop. No additional allegations are made as to Woodall, Johnson or Treadwell. The allegations as to them remain the same as those found deficient in the corrected first amended complaint. As to Knop, the new allegation does not provide enough information to state a plausible claim.

> In its prior order the court stated:
> The weight of authority holds that the "FLSA does not provide a remedy for workers who have received at least the minimum wage for a pay period in which they have not worked overtime." Brown v. Lululemon Athletica, Inc., No. 10 C 5672, 2011 WL 741254 * 4 (N.D. Ill. Feb. 24, 2011) (St. Eve, J.) (collecting cases). Plaintiffs allege they performed mandatory training outside their regular working hours and that the training was done online when they were not otherwise able to perform compensable work. They do not allege that this caused them to work overtime. They only allege "on information and

belief" that their unpaid training hours and the hours they worked for which they were paid, when combined, resulted in them being paid less than the minimum wage.

A plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotation marks and citation omitted). Plaintiffs allege they performed mandatory online training outside their regular work hours and "on information and belief" that the unpaid training hours when combined with their paid hours resulted in them being paid less than minimum wage. This does not give defendant fair notice of the grounds upon which the claim rests. The complaint does not identify any weeks in which any of the plaintiffs were paid less than the minimum wage due to the mandatory training. It does not identify any weeks in which any of the plaintiffs performed any of the mandatory training. Plaintiffs were all paid on commission but the complaint contains no information as to how much any of them was paid in any week at any time. As pled, defendant is left to guess as to when plaintiffs claim they were underpaid and how much the underpayment is claimed to be. While precision is not required, plaintiffs' allegations do not provide any information about their claims beyond saying, in effect, sometimes we did this training and we also worked regular hours and we think that sometimes this must have resulted in us being paid less than the minimum wage. Plaintiffs allege no more than a guess and such speculation is insufficient to give defendant fair notice of what plaintiffs' claims actually are.

The allegation that Knop "remembers training happening at random times a year for approximately 3 hours a year for 11 years" does nothing to identify any week in which she was paid less than minimum wage. She has not given defendant fair notice of what her claim actually is.

For the foregoing reasons, defendant's motion [59] to dismiss Count III and Count IV is granted. Counts III and IV are dismissed with prejudice. The motion to dismiss Count II as to Johnson, to the extent defendant is still pursuing it, is denied. Count I and II remain pending as to the remaining plaintiffs. The parties are directed to contact Magistrate Judge Johnston within thirty days of the entry of this order to discuss whether a renewed settlement conference or mediation might be fruitful.

Date: 4/07/2017          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)